IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE AT MEMPHIS
WESTERN DIVISION

| | |
|---|---|
| MICHELLE CROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) Jury Trial Demanded |
| KOWA PHARMACEUTICALS AMERICA, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

1. This is an action for declaratory judgment and for damages to redress the deprivation of rights secured to the plaintiff by 42 U.S.C. § 1981 which prohibits race discrimination in employment; and by the Tennessee Human Rights Act (THRA), T.C.A. 4-21-201 et seq., which prohibits sex discrimination in employment and retaliation for protesting unwelcome language of a sexual nature by a manager. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff is alleging a violation of her rights under 42 U.S. C. Sec 1981 and under the THRA to enforce the provisions of those laws.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b). This claim arose within the jurisdiction of this district.

3. Plaintiff Michelle Cross is a black female and was a resident of Memphis, Shelby County, Tennessee, at the time of all wrongs alleged herein. She was

employed by the Defendant Kowa Pharmaceuticals America, Inc., as a territory sales representative covering parts of Memphis, as well as other communities in West Tennessee and in Mississippi, from August 2008 until June 2011.

4. Defendant Kowa Pharmaceuticals America, Inc. (Kowa), is a Delaware corporation doing business in the State of Tennessee.

5. Plaintiff Michelle Cross, after providing over two and a half years of loyal and diligent service to Kowa as a territory sales representative, was told on June 2, 2011, that "your services are no longer needed and you are being terminated due to unsatisfactory performance because your numbers do not meet our goals." She was subsequently sent a letter dated June 3, 2011, confirming that termination.

6. When the Plaintiff first started with the Defendant she was one of four women and one of five blacks on a ten person team. However, after a white male became the sales manager for that team in early 2011, the other black female on the team was forced to quit, as were two of the black males on the team, and another black male was terminated. As a result, there were no other black females left on the team and only one black male.

7. At the time Plaintiff Cross was terminated allegedly because her numbers did not meet the company's goals, a white male territory sales representative had worse numbers than she did but he was not fired like she was.

8. In addition, prior to the Plaintiff being terminated, she complained to the Defendant's human resources manager that her male manager used inappropriate and unwelcome language of a sexual nature during sales meetings and such language made her feel uncomfortable.

9. Plaintiff avers the alleged reason for her termination is a pretext for discrimination against her because of her race (black), and/or sex (female) and/or was in retaliation for her protest of unwelcome language of a sexual nature by her manager.

10. Plaintiff further avers that by so terminating her the Defendant has intentionally, with malice and reckless disregard of the federal civil rights laws, discriminated against her on account of her race in violation of 42 U.S.C. Sec. 1981.

11. Plaintiff further avers, in addition to and in the alternative, that by so terminating her the Defendant has intentionally discriminated against her on account of her sex in violation of the Tennessee Human Rights Act, T.C.A. 4-21-101 et seq.

12. Plaintiff also avers, in addition to and in the alternative, that by so terminating her the Defendant retaliated against her in violation of the Tennessee Human Rights Act because of her protests of unwelcome language of a sexual nature by her manager.

13. As a direct and proximate result of the foregoing, Plaintiff has suffered, and will continue to suffer, a loss of pay, as well as mental distress, humiliation and embarrassment.

14. The Defendant-Company's discrimination and/or retaliation against Plaintiff was willful and with malice and in reckless disregard of the civil rights laws.

WHEREFORE, the plaintiff respectfully requests that this Court grant the following relief:

a. Enter a declaratory judgment finding that the acts and practices of Defendant complained of herein are in violation of the laws of the United States prohibiting race discrimination in employment;

b. Enter a declaratory judgment finding, in addition or in the alternative, that the acts and practices of Defendant complained of herein are in violation of the laws of Tennessee prohibiting sex discrimination in employment;

c. Enter a declaratory judgment finding, in addition or in the alternative, that the acts and practices of Defendant complained of herein are in violation of the laws of Tennessee prohibiting retaliation for protesting unwelcome language of a sexual nature by a manager;

d. Award the Plaintiff all lost pay, plus interest, and compensatory damages in the amount of $300,000.00, or such other amount as the jury deems appropriate, for the

mental distress, humiliation and embarrassment, which resulted from the illegal discrimination and/or retaliation;

e.   Order the Defendant-Company to reinstate Plaintiff or award her front pay;

f.   Award the Plaintiff punitive damages for the race discrimination in such amount as the jury deems appropriate;

g.   Award the plaintiff the costs of this action, together with reasonable attorney's fees; and

h.   Grant the plaintiff such other and further relief as this court deems appropriate.

Respectfully submitted,

**NORWOOD & ATCHLEY**

/s/ Dan M. Norwood
266 South Front Street, Suite 206
Memphis, Tennessee 38103
Tel: (901) 528-8300
Fax: (901) 529-9101

Counsel for Plaintiff